IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VISIONET SYSTEMS, INC.<br>　　　　　　　Plaintiff,<br>v.<br>URBAN SETTLEMENT SERVICES, LLC D/B/A<br>URBAN LENDING SOLUTIONS, a Pennsylvania<br>limited liability company<br>　　　　　　　Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff, Visionet Systems, Inc. by and through its undersigned Counsel, Andrew B. Klaber, Esquire and Robert J. Murtaugh, Esquire of The Chartwell Law Offices, LLP, upon information and belief, says:

### JURISDICTION AND VENUE

1.That subject matter jurisdiction for this matter is governed by 28 U.S.C.A. §1332(a).

2.That venue in this district is proper pursuant to 28 U.S.C.A. §1391(a)(2).

3.That the amount of the claim exceeds the jurisdictional requirement and exceeds SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

### I.DEFINITIONS

4.For the purposes of this Complaint, the following definitions apply:

(1)"Movant" or "Plaintiff" means Visionet Systems, Inc., its directors, officers, employees, agents and/or representatives; its direct and indirect parents, groups and affiliates controlled by or under common control with Visionet Systems, Inc., and the respective directors, officers, employees, agents, representatives, successors and assigns of each.

(2) "Respondent" or "Defendant" means Urban Settlement Services, LLC, d/b/a Urban Lending Solutions, a Pennsylvania limited liability company, its directors, officers, employees, agents and representatives, predecessors, successors and/or assigns; its direct and indirect parents, subsidiaries, divisions, groups and affiliates controlled by or under common control with Visionet Systems, Inc., and the respective directors, officers, employees, agents, representatives, successors and assigns of each.

(3) "Title" means providing selected information contained in a report regarding various liens, property(ies), owners, recorded documents, taxes, and succession of title of same.

(4) "Services" or "Goods" refers to any and all information, systems, upgrades, downloads, and or software owned and licensed by Plaintiff that was provided under contract to the Defendants, in fee.

## FACTS

5. That Plaintiff, Visionet Systems, Inc. (hereinafter the "Plaintiff") is incorporated in the State of New Jersey, in the United States of America, and has an address for the purposes of this action located at 4 Cedarbrook Drive, Cranbury, NJ 08512.

6. That at all times hereinafter mentioned, Plaintiff is, was and still is a corporation duly authorized to conduct business of title reporting throughout the United States of America.

7. That at all times hereinafter mentioned, Defendant, Urban Settlement Services, LLC d/b/a Urban Lending Solutions, a Pennsylvania limited liability company ("Defendant") is, was and still is a Pennsylvania limited liability company duly authorized to conduct business in the Commonwealth of Pennsylvania registered with the Pennsylvania Department of State as a foreign entity, with the origination of registration and domestication in the State of Colorado.

8. At all times relevant hereto, as of June 22, 2010, Defendant is registered and domesticated in the State of Colorado, is in good standing, and has an address located at c/o Valuation Connect, LLC, 250 Airside Drive, Moon Township, PA 15108 and a registered agent at c/o Corporation Services Company, 1560 Broadway, Suite 2090, Denver, CO 80202.

9. At all times relevant hereto, Defendant owns, operates and has registered multiple businesses in multiple States within the United States of America.

10. At all times relevant hereto the Parties to this action have a business relationship.

11. On or about February 1, 2012, the Parties mutually entered into a Support and Maintenance Service Level Agreement ("SMSL Agreement"), a Software License and Service Provider Agreement ("SLSP Agreement") and a Professional Services Statement of Work Agreement ("PSSW Agreement") wherein Plaintiff would provide Defendant with research, report writing, underwriting and title policy through the use of Plaintiff's software and Defendant would make payment for such services on a monthly invoiced basis. True and correct copies of the SMSL Agreement, the SLSP Agreement and the PSSW Agreement are attached hereto as Exhibits "A", "B" and "C", respectively.

12. In or around May, 2016, the parties made a mutual agreement via telephone for the procedures for submission of invoices to Defendant in a grouped capacity for AtClose and VisiRecording in order to facilitate payment to Plaintiff. Plaintiff provided Defendant with copies of its invoices pursuant to the discussed agreement.

13. Plaintiff provided goods and services to Defendant through March 31, 2017.

14. To date, Defendants failed and refused to make payment to Plaintiff in the total amount of $493,007.00 pursuant to the Outstanding Invoices ("Outstanding Invoices"), attached hereto as Exhibit "D."

15. At all times relevant hereto, Defendant has not disputed any of the Outstanding Invoices or amounts due and owing to Plaintiff, nor has Defendant asked for a reduction in fees and services, nor has Defendant requested any amendments to the SMSL Agreement, the SLSP Agreement or the PSSW Agreement.

## COUNT I – BREACH OF CONTRACTS

16. At all times relevant hereto, Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though set forth herein at length.

17. Defendant breached the terms and conditions of the SMSL Agreement with Plaintiff and became in default thereof by reason of their failure to pay the Outstanding Invoices for work performed by Plaintiff.

18. Defendant breached the terms and conditions of the SLSP Agreement with Plaintiff and became in default thereof by reason of their failure to pay the Outstanding Invoices for work performed by Plaintiff.

19. Defendant breached the terms and conditions of the PSSW Agreement with Plaintiff and became in default thereof by reason of their failure to pay the Outstanding Invoices for work performed by Plaintiff.

20. The fees and expenses charged by Plaintiff for work performed on behalf of Defendant that have not been paid total $493,007.00.

21. The charges for goods and services performed by Plaintiff were the reasonable and market rates for similar services and were the rates that the Defendant agreed to pay.

**WHEREFORE**, Plaintiff, Visionet Systems, Inc., demands judgment in its favor and against Defendant, Urban Settlement Services, LLC d/b/a Urban Lending Solutions, a

Pennsylvania limited liability company, for the total of $493,007.00, plus reasonable attorneys' fees, costs of suit, and for such other and further relief as this Court deems just and proper.

## COUNT II – QUANTUM MERUIT

22. At all times relevant hereto, Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though set forth herein at length.

23. Plaintiff has rendered services and provided goods to the Defendant, at the specific request of the Defendant, for which the Defendant then and there promised to pay Plaintiff the reasonable value of such services.

24. At all times herein mentioned, the above services were and are of the reasonable value of $493,007.00.

25. No part of the above sum has been paid, not withstanding that Plaintiff has demanded payment therefore, and there is now due, owing and unpaid from Defendant to Plaintiff the sum of $493,007.00.

**WHEREFORE**, Plaintiff, Visionet Systems, Inc., demands judgment in its favor and against Defendant, Urban Settlement Services, LLC d/b/a Urban Lending Solutions, a Pennsylvania limited liability company, for the total of $493,007.00, plus reasonable attorneys' fees, costs of suit, and for such other and further relief as this Court deems just and proper.

## COUNT III – UNJUST ENRICHMENT

26. At all times relevant hereto, Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though set forth herein at length.

27. Plaintiff provided goods and services and agreed to assist the Defendant in various services without receiving full payment for its services.

28. Defendant would not have been able to operate its daily business activity without the assistance of the services and goods provided by Plaintiff.

29. Defendant directly benefited from Plaintiff's services.

30. Defendant expected to receive services from Plaintiff without making full payment for services rendered.

**WHEREFORE**, Plaintiff, Visionet Systems, Inc., demands judgment in its favor and against Defendant, Urban Settlement Services, LLC d/b/a Urban Lending Solutions, a Pennsylvania limited liability company, for the total of $493,007.00, plus reasonable attorneys' fees, costs of suit, and for such other and further relief as this Court deems just and proper.

## COUNT IV – BREACH OF ACCOUNT STATED

31. At all times relevant hereto, Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though set forth herein at length.

32. Defendant is indebted to Plaintiff on an account stated as invoiced by Plaintiff.

33. The fees and expenses charged by Plaintiff for work performed on behalf of Defendant that have not been paid total $493,007.00.

34. The charges for services performed by Plaintiff were the reasonable and market rates for similar services and were the rates that Defendant agreed to pay.

**WHEREFORE**, Plaintiff, Visionet Systems, Inc., demands judgment in its favor and against Defendant, Urban Settlement Services, LLC d/b/a Urban Lending Solutions, a Pennsylvania limited liability company, for the total of $493,007.00, plus reasonable attorneys' fees, costs of suit, and for such other and further relief as this Court deems just and proper.

                                                   **THE CHARTWELL LAW OFFICES, LLP**

Date: May 3, 2017                    By: _____
                                                  Andrew B. Klaber, Esquire (#59307)
                                                  Robert J. Murtaugh, Esquire (#57494)
                                                  The Chartwell Law Offices, LLP
                                                  409 Broad Street, Suite 103
                                                  Sewickley, PA 15143
                                                  Telephone (412) 741-0600
                                                  Facsimile (412) 741-0606
                                                  Email: aklaber@chartwelllaw.com
                                                  Email: rmurtaugh@chartwelllaw.com
                                                  Counsel for Plaintiff